# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **B. & V. DISTRIBUTING CO., INC,** | **)** | **CASE NO. 1:05 CV 2900** |
| | **)** | |
| **Plaintiffs,** | **)** | **JUDGE POLSTER** |
| | **)** | **MAGISTRATE JUDGE PERELMAN** |
| **v.** | **)** | |
| | **)** | |
| **DOTTORE COMPANIES, LLC, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12, Defendants Dottore Companies, LLC, Mark Dottore and Thomas Dottore (collectively, "Defendants"), hereby move to dismiss Plaintiff's Complaint, in its entirety.   As more fully set forth in the attached Memorandum in Support, incorporated by reference:

- Plaintiff B. & V. Distributing Co., Inc., is not a party to the alleged oral and written contracts, and therefore it has no standing to bring this action; and

- Plaintiff B. & V. Distributing Co., Inc. was an inactive corporation at the time of the alleged oral and written contract and Florida law provides that may not acquire rights ; and

- Plaintiff Albert Battler has no standing to bring this action; and

- Plaintiff cannot state a claim for fraud, and the action is time barred; and

- Plaintiff cannot state any claim against the individual Defendants, Messrs. Mark and Thomas Dottore.

WHEREFORE, Defendants request that the Court dismiss the Complaint, with prejudice, and enter judgment in favor of Defendants on all claims.  A memorandum in support of this motion is attached, and incorporated by reference.

Respectfully Submitted,

**KOHRMAN, JACKSON & KRANTZ PLL**

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
One Cleveland Center, 20th Floor
1375 East 9th Street
Cleveland, Ohio   44114-1793
Telephone  (216) 736-7255
Facsimile  (216) 621-6536
E-mail  mkw@kjk.com

**VORYS, SATER, SEYMOUR AND PEASE LLP**

*/s/ Joseph D. Lonardo*
Joseph D. Lonardo (0016135)
James A. Hogan (0071064)
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
jahogan@vssp.com
Telephone:  216-479-6100
Facsimile:   216-479-6060

Attorneys for Defendants Dottore Companies, LLC, Mark Dottore and Thomas Dottore

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| B. & V. DISTRIBUTING CO., INC, | ) | CASE NO. 1:05 CV 2900 |
| | ) | |
| Plaintiffs, | ) | JUDGE POLSTER |
| | ) | MAGISTRATE JUDGE PERELMAN |
| v. | ) | |
| | ) | |
| DOTTORE COMPANIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT**

**PRELIMINARY STATEMENT**

This is Plaintiff Albert Battler's second attempt to sue Defendants on a phony contract which supposedly came into existence more than 6 years ago.  On December 15, 2004, this Court dismissed Battler's first lawsuit, styled, *Albert Battler v. Dottore Companies, et. al,* Case No. 1:04-cv-01688-DAP (the "First Action").  This new action (the "Second Action") brings substantially similar causes of action against the Defendants, but leaves out certain judicial admissions that got Battler into trouble the last time around.  For example, the alleged contract is so fraught with infirmities that Battler declines to attach it to the Complaint.  Another example is that in the First Action, Battler admitted that he and his lawyers drew up the contract but this allegation/admission is conspicuously absent this time.  (Both the First and Second Actions confess that the Defendants refused to sign it).

Thus Defendants again find themselves required to defend an action on a "contract" they never negotiated, agreed to or signed, brought by a foreign, inactive corporation and an

individual, neither of whom are parties to the alleged "contract."  This Motion to Dismiss lays out the valid, legal merits in favor of dismissal of this case and, in the course of doing so, exposes Plaintiffs' allegations as a complete scam.

According to the "contract" attached to the Complaint in the First Action, neither plaintiff was a party to the "contract" each now alleges was formed and breached.  Both Plaintiffs, B. & V. Distributing Co., Inc. ("B. & V. Florida") and Albert Battler ("Batter") lack standing to sue on the alleged contract, or otherwise on behalf of the supposed seller-corporation, B. & V. Distributing, Inc., an Ohio Corporation ("Distributing").  As for the fraud claim, regardless of its complete lack of merit, the statute of limitations has run.  In sum, Plaintiffs' complaint should be dismissed in its entirety.

<u>**PLAINTIFF'S ALLEGATIONS**</u>

## I.      **PLAINTIFFS' CLAIMS AND THE PARTIES**

Defendants attach the alleged contract from the First Action as Exhibit A.[1]  Defendants presume this is the "contract" referred to in Plaintiffs' Second Complaint.  Neither Plaintiff

---

[1] Attaching the alleged contract here merely cures the Plaintiffs' failure to do so, and does not convert this motion to one under Rule 56 of the Federal Rules of Civil Procedure. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997):  Fed.R.Civ.P. 10(c) provides that

> "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based. <u>See</u> 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762 (2d ed.1990). **However, a defendant may introduce certain pertinent documents if the plaintiff fails to do so**. *See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993); *Cortec Indus., Inc. v. Sum Holding, L.P.,* 949 F.2d 42, 48 (2d Cir.1991); *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991); *see also* 5 Wright & Miller, supra, § 1327, at 762-63. **Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied**. <u>See</u> *White Consol. Indus.*, 998 F.2d at 1196. Hence, the Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993). We believe that this approach is appropriate.

B. & V. Florida nor Plaintiff Battler appear anywhere on this alleged contract. The supposed Seller under the contract is Distributing. In Paragraph 4 of his Second Complaint, Battler states, "Prior to the events that gave rise to this claim, Battler was the President and sole stockholder of B. & V. Distributing, Inc., an Ohio Corporation, which merged into B. & V. Florida in 1993. . ." In fact, no such thing happened. Battler has stated under oath that the entity which was merged into B. & V. Florida was B. & V. Distributing *Company*, Inc. ("Company"). (*See* Affidavit in Support of Opposition to Defendants' Motion to Dismiss in the First Action, Case No. 1:04-cv-01688-DAP, Document 7-2, Filed December 11, 2004). In support of his affidavit, he attached documents verifying the accuracy of the statements made there. (*See also* Exhibit C, attached hereto). Company, not Distributing, was merged into B. & V. Florida, but *Distributing* was the supposed seller under the alleged contract. Plaintiff B. & V. Florida is not the entity which is a party to the alleged contract by merger, succession or otherwise.

Battler also lists himself as an individual plaintiff. (*See* Compl. ¶ 2(b)). Of course, he was not a party to the alleged contract that forms the basis of his Complaint. (*See* Ex. A.) Indeed, neither were Defendants Mark Dottore and Thomas Dottore (collectively, the "Individual Defendants"). (*See id*.) Rather, the alleged contract was only between Distributing and Defendant Dottore Companies, LLC ("Dottore LLC"). (*See id*.)

Nevertheless, Plaintiffs bring this Second Action against all Defendants not only for breach of contract, but for fraud and unjust enrichment in spite of having been previously advised of the manifest flaws in their claims in Defendants' Motion to Dismiss the First Action.

## II.     PLAINTIFF'S ALLEGATIONS IN SUPPORT OF HIS CLAIM

### A.      Standing and Jurisdiction

As a matter of law, neither Plaintiff has standing to bring this case.  Only Distributing, *an Ohio Corporation*, the supposed Seller corporation, can bring it, which destroys diversity jurisdiction.  Company's and Battler's attempt to substitute or insinuate themselves into this case instead of Distributing – apparently in an attempt to create diversity where otherwise there is none – must fail.  There is a back-story needed to illuminate Plaintiff's attempt to confect diversity jurisdiction.[2]

1997:    In 1997, Dottore LLC entered into negotiations to purchase the assets of B & V Distributing, a Florida corporation ("B&V Fla").  (*See* Declaration of Thomas Dottore, ¶ 3 (attached as Ex. B.)  Albert Battler was the sole shareholder of B & V Fla.  (*See id*.)  On September 24, 1997, B&V Fla terminated negotiations before any deal was reached.  (*See id*.)

1999:    Approximately two years later, Battler contacted Dottore LLC.  (*See id.* ¶ 4.) He imparted that he was worried about the welfare of his employees.  (*See id*.) The employees were "at will" employees, and Dottore LLC hired them.  (*See id.*¶ 5.) Dottore LLC invited Battler, too, to sell on a commission basis.  (*See id*.)  Dottore LLC did *not* purchase the company name, or other intangibles, but Dottore LLC did purchase specific physical assets, for which it paid using various checks.  (*See id*.)  No other agreement was discussed or reached between the parties, no contract was ever signed by any of the Dottores, and no contract was presented that had Battler as a party.  (*See id*.)

---

[2] "A Rule 12(b)(1) motion is not converted into one for summary judgment under Rule 56 when a Court examines evidence for this purpose." *Monongahela Power Co. v. Schriber,* 322 F. Supp. 2d 902, 912 (S.D. Ohio 2004) (citation omitted).  Indeed,

> [A] factual attack of a pleading under Rule 12(b)(1) challenges the factual existence of subject matter jurisdiction. When a Court is inquiring about whether it has subject matter jurisdiction, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In reviewing such a motion, a district court is free to probe the facts and assess the validity of its own jurisdiction. The Court has a wide discretion to consider affidavits and the documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary.  The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction.

*Id*. (citations and quotation marks omitted).

4

<u>2000</u>:    One day, Battler presented a document to Defendant Thomas ("Tom") Dottore and requested that he sign it.  (*See* Compl. ¶ 14.)  Battler told Tom Dottore that he wanted to qualify for social security and he needed a signature to make it look as if he had sold his business.  (*See* Declaration of Thomas Dottore, ¶ 6.)  Naturally, Tom Dottore refused to sign such a document.  (*See id.*; Compl. ¶ 14.)

In September 2000, Attorney Stanley S. Keller, ("Keller"), contacted Dottore LLC about an alleged purchase agreement for B&V Fla.  (*See* Declaration of Thomas Dottore, ¶ 7.)  Keller: (1) stated that the alleged contract was unsigned; and, (2) never argued that Battler was a party to any contract.  (*See id.*)  In the hope of a resolution of some kind, Keller also drafted a Release that stated that the document was prepared by counsel for Battler and delivered to Dottore, but **was never signed**.  (*See id.*)  Keller never produced an executed document and never claimed that there was one.  (*See id.* ¶¶ 7-8.)  That was the last Defendants heard from Keller.  (*See id.* ¶ 9.)

<u>2002</u>:    On May 22, 2002, after the exchange with Keller that showed no contract with B&V Fla or with Battler individually, Attorney Baumgart surfaced.  Mr. Baumgart faxed to Dottore LLC a contract document that included a blank signature page **and** a signature page that showed a signature on the line under "Dottore Companies, LLC, Buyer."  (the "First False Purchase Agreement").  (*See id.* ¶¶ 9-10.)  This is the same signature page that is affixed to the document attached to Battler's Complaint (the "Second False Purchase Agreement").  (*See id.* ¶ 10.)  Notably, that document has been changed from the First False Purchase Agreement forwarded by Mr. Baumgart on May 22, 2002.  (*See id.* ¶ 11.)  Defendants do not recognize the signature, and do not know how it came to be on the signature page affixed to both the First and Second False Purchase Agreements.  (*See id.* ¶¶ 10, 12-13.)  Neither the First nor the Second False Purchase Agreements listed Battler as a party individually.  (*See id.* ¶ 14.)  Defendants told Mr. Baumgart, in no uncertain terms, that the document was a forgery and that they would not countenance any conversation about it.  (*See id.* ¶ 12.)

The next time Defendants heard about the matter was another 2 years later, in 2004, when they were sued in this case.  Still, as indicated by the document attached to the Complaint, **Battler has never claimed to have a *any* contract between him, personally, and Dottore LLC**.

**B.      Allegations in Plaintiffs' Complaint in Support of their Claims**[3]

Plaintiffs allege that there was a deal for Dottore LLC to purchase the assets of B. & V.

Florida but when the papers were drawn up, Dottore LLC refused to sign:

- "B. & V. Florida, was in the business of selling and installing floor coverings in businesses throughout the country and in residences in and around the Cleveland area." (Compl. ¶ 6.)

- "in the summer of 1999, through Battler, B. & V. Florida entered into negotiations with Defendant, Mark Dottore personally and/or as representative of Defendant, Dottore Companies, LLC, for the sale and purchase of all of the assets of B. & V. Florida. (*Id.* ¶ 9.)

- "In the fall of 1999, the negotiations for the sale/purchase of B. & V. Florida were concluded.  (*Id.* ¶ 10).

- An essential term of the agreement was that in return for all of the assets of B. & V. Distributing Florida, Defendants would pay directly to Battler and/or B. & V. Florida, Eight Thousand and Five Hundred Dollars ($8,500.00) per month until the total purchase price of Three Hundred and Six Thousand Dollars ($306,000.00) was paid in full with the terms to be reduced to writing and signed by Defendant, Thomas Dottore for and on behalf of Dottore Companies, LLC and its members and/or stockholders." (*Id.* ¶ 11.)

- "While the contract was being reduced to writing, Plaintiffs agreed to proceed with complete transfer of all assets – customer lists, executory contracts, good will, trademarks, trade names, inventory, trucks, equipment, telephone number and employees – to Defendant, Dottore Companies, LLC." (*Id.* ¶ 12.)

- "By December 16, 1999, Plaintiffs delivered all of the assets of B. & V. Florida to Defendant, Dottore Companies, LLC and substantially performed the terms of the agreement."  (*Id.* ¶ 13.)

- "When presented with the written memorialization of the agreement, Defendant Thomas Dottore refused to sign the contract." (*Id.* ¶ 14.)

- "However, a representative of Defendant, Dottore Companies, LLC, did sign the agreement on March 1, 2000, a copy of which is attached as Exhibit A." (Id. ¶ 15.)

---

[3] Defendants dispute Plaintiffs' story, including the contract, which the Individual Defendants did not sign, and which nobody at Dottore LLC was authorized to sign.  At this juncture, however, and for purposes of the 12(b)(6) grounds of this Motion to Dismiss, *only*, Defendants treat the allegations in Plaintiffs' Complaint as true.

- As the sole stockholder and owner of B. & V. Florida, Battler was the intended third party beneficiary of the written contract between B. & V. Florida and Dottore Companies, LLC.  (*Id.* ¶ 16).

- Defendants partially performed the contract.  (*Id.* ¶ 17).

- "Defendants have failed to make any of the monthly payments of Eight Thousand and Five Hundred Dollars ($8,500.00) to Plaintiffs and have thereby breached the contract."  (*Id.* ¶ 18.)

These facts, however, do not trigger standing or jurisdiction in this Court, and cannot state a claim for fraud or against the Individual Defendants.

## LAW AND ARGUMENT

**I.  PLAINTIFFS HAVE NO STANDING TO BRING THIS ACTION.**

**A.  Plaintiff B. & V. Florida Has No Standing to Bring this Claim.**

B. & V. Florida is a stranger to the alleged "contract."  Stated earlier, Distributing was never merged into B. & V. Florida.  Rather, Company is the entity that was merged into B. & V. Florida.  Thus, B. & V. Florida is not the putative contracting party.  *Only* Distributing allegedly entered into the supposed "contract," and all of the alleged rights under it would belong to Distributing.  B. & V. Florida cannot bring this case to vindicate Distributing's rights under the so-called "contract."  Regardless, even if B. & V. Florida were the seller corporation under the alleged contract, it is incapable of sustaining this action.

B. & V. Florida was dissolved on October 16, 1998 and has never been reinstated.  The alleged contract was signed on March 1, 2000.  On that date, B. & V. Florida was incapable of entering into the contract it purportedly signed.  Florida Corporation Statutes chapter 607.1421(3) provides, "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs."  A sale of assets to another corporation is not winding up the business, it is actually doing business.  Thus, a contract such as this one, entered into in violation of chapter

607.1421(3), cannot grant enforceable rights during the period of corporate dissolution. *Paradise Creations, Inc. v. U.V. Sales, Inc.,* 315 F.3d 1304, 1309, (2003 Federal Circuit).

Nor can the matter be cured by Plaintiff B. & V. Florida.  A subsequent reinstatement of B. & V. Florida cannot retroactively confer standing in federal court.  *Id.* at 1309.  Thus, if B. & V. Florida were the proper Plaintiff, (which it is not), as a dissolved entity it could bring the action only if it acquired the rights under the contract.  But because it executed the contract while it was administratively dissolved, it lacked for contractual capacity to acquire any such rights, and therefore this Court must dismiss its Complaint.

**B.      Plaintiff Battler Has No Standing to Bring this Claim.**

In an attempt to argue standing where none exists, Plaintiff's Complaint states:

> As the sole stockholder and owner of B & V Florida, Battler was
> the intended third party beneficiary of the written contract between
> B. & V. Florida, and Dottore Companies, LLC.

(Compl. ¶ 16.)  For the second time, Plaintiff utterly ignores the long line of authority in the Sixth Circuit and under Ohio law that, as a matter of law, one's status as the president and sole shareholder of a company does not confer upon him the right to bring an action that belongs to the corporation.  *See, e.g., Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597 (6th Cir. 1988).

> Under Ohio law, a shareholder generally cannot sue for injuries to
> the corporation. Unless the stockholder has an independent and
> direct contractual relationship with the defendant, he may not
> maintain a personal breach of contract action on behalf of the
> corporation. Even if he is the sole shareholder and president of the
> corporation, he still lacks standing to maintain a personal cause of
> action for an injury to the corporation.

*Cohen v. Ford Motor Co.*, No. 1:91CV2148, 1992 WL 46104, at *1 (N.D. Ohio Feb. 10, 1992) (citations omitted).[4]  As the *Canderm* court explained while affirming dismissal because the president and sole shareholder did not have standing to bring the case, even though the actual contract in that case expressly mentioned her:

> [A]n action to redress injuries to a corporation . . . cannot be maintained by a stockholder in his own name . . . The general rule is applicable in cases where the individual is the sole stockholder . . .  [I]t is universal that where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many) . . . who has a right to recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring [sic] about reduced earnings, lower salaries, bonuses, injury to general business reputation, or diminution in the value of ownership.

*Canderm*, 862 F.2d at 602-03.

Defendants respectfully remind the Court that Plaintiff's "contract" here is a fraud.  Even so, a Motion to Dismiss requires that the Court and the Defendants look to the pleading to see whether there is standing to sue.  Here, then, the Court should dismiss the Complaint because Battler "was not a party to the contracts on a personal basis, [and] he has no standing to raise a breach of contract claim."  *Nicholson v. Ticketmaster*, No. 01-3908, 2002 WL 1752269, at *2, 42 Fed. Appx. 696, 697 (6th Cir. July 26, 2002) ("Although [plaintiff] is the sole shareholder of [the company], an action to redress injuries by a corporation cannot be maintained by a stockholder in his own name.") (affirming dismissal for lack of standing).  *See also Thomas v. Better Business Bureau, of Mid-South*, No. 03-5464, 2003 WL 22416900, at *1, 79 Fed. Appx. 748, 748 (6th Cir. Oct. 21, 2003) ("[A]n action to redress injuries by a corporation cannot be maintained by an owner in his own name.") (affirming dismissal for lack of standing); *Quarles v. City of E.*

---

[4] Unreported cases are collected and attached separately as Exhibit C.

*Cleveland*, 202 F.3d 269, 269 (6th Cir. 1999) (affirming dismissal for lack of standing); *Dienstberger v. Gen. Motors Corp.*, No. 94-4336, 1995 WL 559374 (6th Cir. Sept. 20, 1995) (affirming dismissal for lack of standing where plaintiff "sued . . . in his sole capacity as a shareholder" and therefore "lack[ed] standing to challenge" defendant's action allegedly breaching contract); *Gerber v. Gariepy*, No. 93-3409, 1994 WL 362101, at *3 (6th Cir. July 12, 1994) ("A claimed injury to a corporation in Ohio must be brought by the corporation itself.").

Indeed, even though Battler had complete control over the terms of the alleged contract he attached to his Complaint (*see* First Action, ¶ 9) ("All terms of the contract were to be reduced to writing by Plaintiff's attorney. . .")), he did not make himself a party in his individual capacity.[5]  Indeed, neither can Plaintiff use his sole shareholder status as both a shield and a sword.  That is, one cannot argue on the one hand that he is shielded from the corporation's liabilities due to his shareholder status, but then simultaneously claim that this legal distinction should be abandoned when asserting the corporation's rights.  Therefore, Plaintiff cannot maintain a personal action on the document he attached to his Complaint.

Furthermore, no claim of intended third party beneficiary status can save Plaintiff's Complaint.  *See, e.g., Hill v. Sonitrol of Southwestern Ohio, Inc.,* 36 Ohio St. 3d 36, 40, 521 N.E.2d 780, 784-85 (1988) (adopting Section 302 of the Restatement of Law 2d, Contracts 439-440 (1981) ("Restatement"), defining intended beneficiary).  Comment e to Section 302 of the Restatement states: "Performance of a contract will often benefit a third person.  But unless the third person is an intended beneficiary as here defined, no duty to him is created."  Thus, "[u]nder Ohio law, in order for a third-party beneficiary to have enforceable rights under a

---

[5] Defendants offer this allegation from the First Action as a judicial admission.  Even if this Court determines that it may not consider the issue as outside the four corners of the Complaint, regardless of whether his counsel drafted it or not, there is no debate that Battler *signed* the alleged contract, and thereby showed his agreement with what he had unilaterally written in the contract.

contract, circumstances surrounding the promise between the promisor and promisee must indicate that the promisee intended to benefit the third party, and the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, No. 01-1151, 2002 WL 31780184, at *3, 53 Fed. Appx. 731, 735 (6th Cir. Dec. 3, 2002) (affirming dismissal for want of intended third party beneficiary status).

Battler is not an intended beneficiary of the alleged contract.  The alleged contract provides no indication of any intent (to the extent one can even draw intent from the document) to benefit *any* third party.  Battler, *acting alone,* did not name himself as a party, nor did he indicate in the document that he was to benefit from the arrangement.  Indeed, the alleged contract does not set out any duty running to Battler or any obligation to which Battler is a party, and, in fact, does not even mention Battler in its terms.  There was no intent  to benefit Battler directly.

Finally, Battler lacks authority to bring any of the remaining claims in his Complaint, either.  The claims for fraud, estoppel  and unjust enrichment both seek to remedy (by damages or restitution) the corporation's transfer of its assets to Dottore LLC without compensation.  First, this is the same relief sought by the breach of contract claim, and Plaintiff cannot convert a breach of contract claim to a tort claim.  *See* § III(B), *infra*.  Second, these claims, too, belong to the corporation, not Battler.  *See e.g. Canderm*, 862 F.2d at 603 ("[I]t is universal that where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many) . . . who has a right to recovery."); *Cohen*, 1992 WL 46104 at *1 ("Even if he is the sole shareholder and president of the corporation, he still lacks standing to maintain a personal cause of action for an injury to the corporation.").  Last, the estoppel and unjust enrichment counts both

11

sound in quasi contract, and the facts allege that it was Distributing and Dottore LLC that were the parties to it.

Therefore, the Court should dismiss the Complaint in its entirety because Battler lacks standing to bring the claims set forth in it.

## II.    THE COURT SHOULD DISMISS THIS MATTER BECAUSE IT HAS NO JURISDICTION AS THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP.

There is not complete diversity jurisdiction because the alleged Seller corporation, Distributing, – which is the only entity that could bring this case – is a citizen of the same state as Defendants:  Ohio.  Under 28 U.S.C. § 1332, "diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1, 76 Fed. Appx. 644, 646 (6th Cir. Sept. 16, 2003) (citing *Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 545 (6th Cir.1994)).  Because the party to the "contract" and Defendants share citizenship in Ohio, there is no diversity and no jurisdiction in this Court.  Therefore, the Court should dismiss this case.

## III.   COUNTS II AND III OF THE COMPLAINT CANNOT STAND, AND THE COURT SHOULD DISMISS THIS ACTION AS TO THE INDIVIDUAL DEFENDANTS.

### A.    The statute of limitations bars Plaintiffs' alleged fraud claims.

Plaintiffs waited too long to bring an action for fraud.  An action "for relief on the ground of fraud" "shall be brought within four years after the cause thereof accrued."  Ohio Rev. Code § 2305.09(C).  Plaintiff's Complaint avers:

- "By December 16, 1999, Plaintiffs delivered all of the assets of B & V. Florida. to Defendant, Dottore Companies, LLC and substantially performed the terms of the agreement." (Compl. ¶ 13.)

- "Subsequent to the transfer of all assets of B. & V. Florida to Defendant Dottore Companies, LLC, all Defendants refused to honor the terms of the contract requiring payment to Plaintiffs."  (Id. ¶ 23.)

- The first monthly payment was due March 1, 2000.  (See id. Ex. A, § 2.2(b).)

Therefore, Plaintiffs' putative cause of action accrued by their own statements on **December 16, 1999**.  As a result, Plaintiff should have filed this case no later than **December 15, 2003**.  If Plaintiffs attempt to invoke the discovery rule, then they became aware of the alleged fraud on **March 1, 2000**, at the latest, when Defendant Dottore LLC failed to make the first monthly payment.  Even giving Plaintiffs this benefit of the doubt, then, the latest they could have filed the claims was Friday, **February 27, 2004**.  Instead, Plaintiffs waited and did not file this action until **August 2004**.  Thus, Plaintiffs missed the statute of limitations, and cannot state a claim for fraud against any of the Defendants.

Despite the clear time bar of their claims, Plaintiffs may argue, as they did in their opposition to the motion to dismiss the First Action, that "February or March of 2001 was Plaintiff's first notice of Defendants intent to defraud" Plaintiffs.  (Case No. 04-01688, Opp'n Br. at 7.)  Even if that were true - which it is not - the fraud claim is still time barred.  Even under Plaintiffs' version of the facts, at the absolute latest, the fraud claim must necessarily have been brought by **February or March 2005.**  B. & V. Florida was not a party to the First Action, and the **Second Action was not filed until December 2005**.  B. & V. Florida's fraud claim is therefore time barred.

The fact that Plaintiff Battler was a party to the First Action is immaterial as Ohio's savings statute does not apply here.  R.C. 2305.19, Ohio's savings statute provides:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause action survives,

13

> his representatives may commence a new action within one year
> after such date. * * * "

This statutes does not even apply, therefore, unless the limitations period ran **before** the First

Action was dismissed.

> Under the clear and unambiguous language of this savings statute,
> a plaintiff must satisfy three specific requirements before the one-
> year refiling period is triggered: (1) plaintiff must have
> commenced or attempted to have commenced the original action
> within the statute of limitations period; (2) a judgment for the
> plaintiff is reversed or the action is dismissed otherwise than on the
> merits; and (3) **at the time of the reversal or dismissal otherwise
> on the merits, the statute of limitations period has already run**.
> ***See Lewis v. Connor* (1985), 21 Ohio St.3d 1, 4, 487 N.E.2d 285
> ("It is clear that R.C. 2305.19 has no application unless an
> action is commenced and is then dismissed without prejudice
> after the applicable statute of limitations has run."); *Reese v.
> Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 163, 451
> N.E.2d 1196 ("R.C. 2305.19 can have no application unless an
> action was timely commenced, was dismissed without
> prejudice, and the applicable statute of limitations had expired
> by the time of such dismissal.")**

*Brunson v. Belmont Correctional Inst.*, No. 2004-05996-AD, 2004 WL 280480, at *1 (Ohio Ct.

Cl. Sept. 02, 2004).  The First Action was dismissed on **December 15, 2004.**  Battler would

argue that he had until **February or March of 2005** to file their fraud claim.  Because the

savings statute does not apply, when he filed the Second Action in **December 2005** he was late

by at least nine months.  Therefore, the fraud claim is time barred as to Battler, as well, even

under his own tortured theory.

> **B.  Plaintiff cannot convert a breach of contract claim into a tort claim, and
> therefore the Court should dismiss Counts II and III.**

Furthermore, even if Plaintiffs brought this action within 4 years of the alleged fraud, the

claim still fails because Plaintiffs cannot convert a breach of contract claim into a tort.  In Ohio

"[i]t is not a tort to breach a contract, no matter how willful or malicious the breach."  *The*

*Salvation Army v. Blue Cross and Blue Shield of Northern Ohio*, 92 Ohio App. 3d 571, 578, 636

N.E.2d 399, 403 (1993).  *See also Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145, Syllabus

(1922); *Wolfe v. Continental Casualty Co.*, 647 F. 2d 705, 710 (6th Cir. 1981) ("The still valid

rule of *Ketcham v. Miller* forbids parties to convert contract actions into tort by attacking the

motives of a breaching party, as the motive of a breaching party is irrelevant to a contract

action . . . under Ohio law the existence of a contract action generally excludes the opportunity to

present the same case as a tort claim.").  Thus,

> A tort exists only if a party breaches a duty which he owes to
> another independently of the contract, that is, a duty which would
> exist even if no contract existed. However, when the promisee's
> injury consists merely of the loss of his bargain, no tort claim
> arises because the duty of the promisor to fulfill the term of the
> bargain arises only from the contract. The tort liability of parties to
> a contract arises from the breach of some positive legal duty
> imposed by law because of the relationship of the parties, rather
> than from a mere omission to perform a contract obligation.

*Battista v. Lebanon Trotting Assn.*, 538 F.2d 111, 117 (6th Cir. 1976).

Here, the putative fraud claim is indistinguishable from the breach of contract claim:

both seek payment for the transfer to Dottore Companies of Distributing's assets, based upon

representations made in negotiating the alleged deal.  Plaintiffs cannot convert that to a tort

claim, and the Court should dismiss Counts II and III of the Complaint.

**C.    The Court should dismiss the Individual Defendants from this case.**

Counts II and III are the only claims that conceivably could be interpreted as purporting

to state a claim against the Individual Defendants, as opposed to against Dottore LLC.  (*See* § I,

*supra*.)  So, even if the Court does not dismiss the action in its entirety for lack of standing and

jurisdiction, then the Court should at least dismiss the Individual Defendants from this case in

conjunction with its dismissal of Counts II and III.  This is particularly true of Defendant

Thomas Dottore because, contrary to FRCP 9, Plaintiff pled no facts at all that would implicate

15

Thomas Dottore in any fraud claim.  *See* FRCP 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint in its entirety. In the alternative, the Court should dismiss Counts II and III, and therefore dismiss the Individual Defendants Mark Dottore and Thomas Dottore out of this action.

Respectfully Submitted,

**KOHRMAN, JACKSON & KRANTZ PLL**

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
One Cleveland Center, 20th Floor
1375 East 9th Street
Cleveland, Ohio   44114-1793
Telephone  (216) 736-7255
Facsimile  (216) 621-6536
E-mail  mkw@kjk.com

**VORYS, SATER, SEYMOUR AND PEASE LLP**

*/s/ Joseph D. Lonardo*
Joseph D. Lonardo (0016135)
James A. Hogan (0071064)
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114-1724
jahogan@vssp.com
Telephone:  216-479-6100
Facsimile:   216-479-6060

Attorneys for Defendants Dottore Companies, LLC,
Mark Dottore and Thomas Dottore

16

<u>**CERTIFICATE OF SERVICE**</u>

On this 20th day of February, 2006, a copy of the foregoing *Motion to Dismiss* and

*Memorandum in Support of Motion to Dismiss* was filed electronically.  Parties may access this

filing through the Court's ECF system.  Notice of this filing will be sent by operation of the

Court's ECF system to all parties indicated on the electronic filing receipt.


*/s/ Mary K. Whitmer*
One of the Attorneys for Defendants Dottore
Companies, LLC, Mark Dottore and Thomas
Dottore

17