UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| B. & V. Distributing, Co., Inc., et al., | ) CASE NO. 1:04 CV 01688 |
| Plaintiffs, | ) JUDGE POLSTER |
| v. | ) |
| DOTTORE COMPANIES, LLC, et al., | ) REPLY MEMORANDUM IN SUPPORT OF |
| | ) MOTION TO DISMISS |
| Defendants. | ) |

# **PRELIMINARY STATEMENT**

Plaintiffs' Memorandum In Opposition to Defendants' Motion to Dismiss ("Opposition Brief") leaves unopposed dispositive arguments raised in the Motion:

- Plaintiff B & V Distributing Co., Inc.'s ("B & V Florida") fraud claims are time barred;

- B & V Florida is a stranger to the contract Plaintiffs allege; and,

- Plaintiffs point to nothing in the Complaint to support a claim against Defendants Mark Dottore and Thomas Dottore (collectively, the "Individual Defendants").

Therefore, at a minimum, the Court should dismiss the Complaint as to B & V Florida in its entirety, and dismiss the complaint against the Individual Defendants.

That would leave only Battler's claims against Defendant Dottore Companies, LLC ("Dottore LLC"). Those claims fail too, though, because Battler lacks standing to assert them, the fraud claim is merely a re-packaging of the breach of contract claim, and the claims are time barred because Battler cannot avail himself of the Ohio savings statute.

## LAW AND ARGUMENT

In order to overcome a Rule 12(b)(6) motion to dismiss, "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). Plaintiffs have failed to carry that burden for any claims alleged in the Complaint.

**I. PLAINTIFFS' OWN STATEMENTS DEMAND DISMISSAL OF PLAINTIFF B & V FLORIDA'S FRAUD CLAIMS BECAUSE THEY ARE TIME BARRED.**

The statute of limitations for fraud is four years. See R.C. § 2305.09(C). Plaintiffs claim that "it was not until February or March of 2001" that Plaintiffs first discovered the alleged fraud. (Opp'n Br. at 6-7.) According to Plaintiffs, then, the four year statute of limitations expired in ***March of 2005*** at the latest. Defendants dispute this false assertion, but it is immaterial as to B & V Florida. B & V Florida filed suit alleging fraud for the ***first time on December 15, 2005***. (B & V Florida was not a party to the First Action, only Battler was.) Therefore, B & V Florida failed to assert its fraud claims timely. Plaintiffs' Opposition Brief did not point to any allegations in the Complaint to change this reality.

Furthermore, the savings statute offers no solace to B & V Florida. By its terms, the savings statute only applies where a prior action was "commenced or attempted to be commenced," allowing that "plaintiff . . . [to] commence a new action within one year." R.C. 2305.19(A). The savings statute does not apply to plaintiffs who were not part of the original action. See Bowshier v. North Hampton, No. 2001 CA 63, 2002 WL 940125 (Clark Cty. May 10, 2002).[1] Once again, only Battler filed the First Action. B & V Florida, consequently, cannot invoke the savings statute to take advantage of the First Action.

Accordingly, the fraud claims of B & V Florida are time barred, and should be dismissed.

---

[1] Unreported cases are collected and attached as Exhibit 1.

**II.     PLAINTIFFS NEVER ADDRESS THE FACT THAT B & V FLORIDA IS NOT THE NAMED PARTY TO THE PUTATIVE CONTRACT:  IT DOES NOT HAVE RIGHTS UNDER IT OR OTHERWISE HAVE STANDING TO BRING THIS ACTION.**

Plaintiff B & V Florida is a stranger to the alleged contract.  "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio."  Grant Thornton v. Windsor House, Inc., 57 Ohio St. 3d 158, 161, 566 N.E.2d 1220, 1223 (1991).  Furthermore, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Greater Cincinnati Coalition for the Homeless v. Cincinnati, 56 F.3d 710, 718 (6th Cir. 1995) (quoting Warth v. Seldin, 422 U.S. 490, 498-99 (1975)).

B & V Florida is not a party to the contract upon which Plaintiffs base their claims.  Nor is B & V Florida an intended beneficiary of – or even mentioned in – the contract.  The only parties to the putative contract are "B & V Distributing, Inc., an Ohio corporation . . . ('Seller') and Dottore Companies LLC, an Ohio limited liability company . . . ('Buyer')."  (Mem. Support Mot. Dismiss, Ex. A at 1, 11.)  Only that "Seller" purported to contract with Dottore LLC, stating that it was a "corporation duly organized, validly existing, and in good standing under the laws of the State of Ohio" and had "good title" to the assets allegedly purchased. (Id. at 3 (¶5.1), 4 (¶5.3).)  Hence, only Seller (which  does not have the word "company" in its name) has standing to bring this case.  Yet, *that* company has never been a plaintiff here, and Plaintiffs never claimed that it was somehow merged into Plaintiff B & V Florida.  Rather, Plaintiffs make much of "B & V Distributing Company, Inc.," a Florida corporation (referred to in the briefing as "B & V Florida"), somehow merging with "B. & V. Distributing Company, Inc." an Ohio corporation, to continue as Plaintiff B & V Florida.  (See Opp'n Br. at 3.)  ***Regardless, neither***

3

*of these entities was a party to the alleged contract*. The Court should, therefore, dismiss the contract-based claims of B & V Florida.

**III. THE INDIVIDUAL DEFENDANTS HAVE NO PLACE IN THIS CASE.**

Plaintiffs have not met their burden to plead fraud against the Individual Defendants. To establish fraud, Plaintiffs must be able to show: (1) a material false representation of fact; (2) knowingly made or concealed; (3) with the intent of misleading the plaintiff to rely on it; (4) justifiable reliance on the representation or concealment; and, (5) injury proximately caused by the reliance. See Burr v. Bd. of County Comm'rs of Stark Cty., 23 Ohio St. 3d 69, Syllabus ¶ 1, 73, 491 N.E.2d 1101, 1102, 1105 (1986). With respect to the first element, "[r]epresentations concerning what will occur in the future are considered to be predictions and not fraudulent misrepresentations." Martin v. Ohio State Univ. Found., 139 Ohio App. 3d 89, 98, 742 N.E.2d 1198, 1205 (Franklin Cty. 2000). See also Snell v. Salem Avenue Assoc., 111 Ohio App. 3d 23, 43, 675 N.E.2d 555, 568 (Montgomery Cty. 1996).

Moreover, Federal Rule of Civil Procedure ("Rule") 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "To satisfy the requirements of this rule, the plaintiff must allege specifically times, places, contents and victims of the underlying fraud." Vild v. Visconsi, 956 F.2d 560, 567 (6th Cir. 1992) cert. denied 506 U.S. 832 (1992). Thus,

> The "circumstances constituting fraud" include the time, place and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud. There are usually three reasons cited for the requirement of particularity: (1) particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude; (2) particularity ensures that the allegations are concrete and specific so as to provide defendants notice of what conduct is being

4

>challenged; and (3) the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs.

Conley v. Willis, Case No. 00CA2746, 2001 WL 714836, at *4 (Scioto Cty. June 14, 2001) (citations and quotation marks omitted).

The Complaint fails to meet these pleading requirements for the Individual Defendants, and the Opposition Brief – which merely cites the elements of fraud – does not meet the burden of opposing dismissal of the Individual Defendants.  First, as to both Individual Defendants, Plaintiffs fail to set forth the "circumstances constituting fraud" that Vild and Conley demand.  Second, as to Defendant Mark Dottore, the only alleged fraudulent misrepresentation is "that Defendant Dottore Companies, LLC, *would* make payments."  (Compl. ¶ 21 (emphasis added).)  This is, at most, a statement concerning "what will occur in the future," which cannot be grounds for a fraud claim.  Martin, 139 Ohio App. 3d at 98.  Third, regarding Defendant Thomas Dottore, the only mention of him is in the caption to the Complaint, and paragraphs 2(b), 8 and 14 – regarding his citizenship and stock interest, and Plaintiffs' admission that he never signed any contract with Plaintiffs.  There are absolutely no factual allegations that he committed fraud.  Indeed, paragraph 25 of the Complaint, capping the allegations of the fraud claim, makes no mention whatsoever of Defendant Thomas Dottore.

Plaintiffs overpled their Complaint by adding the Individual Defendants.  Plaintiffs had the opportunity in their Opposition Brief to show how the Complaint can state a claim against them.  Tellingly, they remained silent on the issue.  The Court should dismiss the Complaint as to the Individual Defendants.

## IV.     EVEN UNDER HIS OWN LEGAL AUTHORITY, PLAINTIFF BATTLER HAS NO STANDING TO BRING THIS ACTION.

Plaintiffs' Opposition Brief purports to cite a single case to overcome the long-standing rule that Battler, as a sole shareholder, does not have standing to assert claims on behalf of the corporation.  (See Mem. Support Mot. Dismiss at 8-10.)  In an attempt to evade that rule, Battler claims that he was an intended third party beneficiary.  Amazingly, however, he rests that third party beneficiary status entirely on his role as sole shareholder.  This is an improper, tautological attempt to escape the standing rule above and, moreover, is contrary to the very authority Battler cites in the Opposition Brief.

In Mark-It Place Foods, Inc. v. New Plan Excel Realty Trust, Inc., 156 Ohio App. 3d 65, 804 N.E.2d 979 (Scioto Cty. 2004), the only case Battler cites regarding third party beneficiaries, the court found that the plaintiff, like Battler here, was *not* an intended third party beneficiary. The Mark-It Place court limited that status to when "the performance of the promise satisfies a duty owed by the promisee to the beneficiary."  156 Ohio App. 3d at 65.  This keeps with the general rule that an incidental beneficiary does not have rights under a contract – third party rights only accrue when "circumstances surrounding the promise between the promisor and promisee must indicate that the promisee intended to benefit the third party, and the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary."  Homfeld II, L.L.C. v. Comair Holdings, Inc., No. 01-1151, 2002 WL 31780184, at *3, 53 Fed. Appx. 731, 735 (6th Cir. Dec. 3, 2002) (affirming dismissal for want of intended third party beneficiary status).

Mark-It Place and Homfeld demand that *at the time of the contract*, both the promisor and promisee *intend* that the *performance of the promise in the contract* discharge a *then*

*existing, separate duty* owed to the putative third party creditor beneficiary.  Battler does not even attempt to claim that such was the case with him.  Instead, he bases his third party beneficiary status on his claim that years later, after dissolution of B & V Florida, "all rights to the proceeds of the contract now belong[ed] exclusively and completely to" Battler.  (Opp'n Br. at 6.)  There is no basis in the Complaint to believe this conclusory assertion.  Nevertheless, Battler never alleges a promise or duty existing at the time of the contract that converts him into an intended third party beneficiary.  On the contrary, even if true, Battler's argument serves only to show that Battler was, at best, an incidental beneficiary of the contract who claims a benefit due exclusively to his shareholder status.  Battler's argument is a thinly veiled attempt to evade the fact that his shareholder status, alone, does not grant him standing to pursue the corporate entity's claims.  Battler lacks standing to assert any of the claims alleged in the Complaint, and the Court should dismiss the Complaint as to Battler in its entirety.

In a single-sentence, throw-away argument, without citation to any case law, Battler claims that he has standing to sue because he, an individual, is somehow the "successor in interest" to B & V Florida because he was the "sole stockholder." (Opp'n Br. at 5.)  This is yet another attempt to circumvent the rule that the sole shareholder does not have standing to assert the claims of the corporation.  First, Florida Corporation Statutes §607.1405(1)(d), upon which Battler relies, must be viewed in the context of §607.1421(3), which only allows a dissolved corporation to "carry on any business" that is "necessary to wind up and liquidate its business and affairs."  Hence, there is no "successor in interest" to the corporation – it is wound up, and its business and affairs "liquidated."  Second, §607.1405(1)(d) merely allows a dissolved corporation to marshal its assets, discharge its liabilities and, if there is any "remaining

7

property," use it to return shareholders' investments "according to their interests."[2] The corporation, not the shareholder, winds up the business – i.e. marshals assets and pays liabilities. Thus, it is the corporation, not any shareholder, that must bring suit to enforce corporate rights. If it collects on those rights, pays its debts, and there is any "remaining property," then the statute may permit a shareholder to receive a distribution. Once again, there is no "successor in interest," and the shareholder remains distinct from the corporate entity. Third, as set forth in §II above, B & V Florida had no rights in the alleged contract, and so it could not have transferred the contract to Battler or anyone. Fourth, as Florida's statutes make clear, Battler cannot have his cake and eat it too: He cannot claim that the company ceased to exist, but, at the same time, that he is its "successor in interest" to carry on its business. No matter how Battler tries to twist his shareholder status to concoct a standing argument, in the end, he cannot assert the corporation's rights and the Complaint must be dismissed as to Battler.

---

[2] The statute provides, in relevant part:

> (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
> …
> (d) Distributing its remaining property among its shareholders according to their interests . . . .

Fl. Corp. Stat. §607.1405(1)(d). Dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." Fl. Corp. Stat. §607.1405(2)(a). On the other hand, discovery will show whether Ohio Revised Code § 1703.29(A) applies to B & V Florida, and whether it has capacity to sue in Ohio. Defendants reserve all rights, including to file further motions, to address B & V Florida's capacity, or lack thereof, to bring suit in Ohio.

**V. THE FRAUD CLAIM IS NOT INDEPENDENT OF THE BREACH OF CONTRACT CLAIM.**

The Complaint itself betrays Plaintiffs' attempt to repackage a contract claim as one for tort.

> A tort exists ***only if*** a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed. However, ***when the promisee's injury consists merely of the loss of his bargain, no tort claim arises*** because the duty of the promisor to fulfill the term of the bargain arises only from the contract.

Battista v. Lebanon Trotting Assn., 538 F.2d 111, 117 (6th Cir. 1976) (emphasis added).  Hence, Plaintiffs' argument – without discussion of the allegations in the Complaint – that the fraud and contract claims are "independent of one another" does not carry their burden in opposing the Motion.  (Opp'n Br. at 8.)  Even a cursory review of the fraud claim shows it is a claim for the loss of the bargain alleged by the contract claim.  The only allegedly fraudulent statement was that Dottore LLC would pay for assets (Compl. ¶ 21), which was a mere reiteration of the putative contract (Id. ¶¶ 9, 11).  The only detrimental reliance alleged is the transfer of assets (Id. ¶¶ 22, 24), which again merely restates the alleged loss of the contractual bargain (Id. ¶ 12).  Most telling, Plaintiffs actually allege, in the context of the fraud claim, that the harm was that Defendants "refused to honor the terms of the contract requiring payment to Plaintiffs."  (Id. ¶ 23.)  The fraud claim is not independent of any contract claim, and, therefore, does not state a claim.

## VI. BATTLER CANNOT AVAIL HIMSELF OF THE SAVINGS STATUTE.

In the first instance, Battler's fraud claims were not timely filed in the First Action, even if the Court applied the discovery rule. (See Mem. Support Mot. Dismiss at 12-13.) Moreover, he lacks standing to assert them. (See id. at 8-12; § IV, supra.) Regardless, even if he had standing and the First Action's fraud claims had been timely, Battler cannot avail himself of the savings statute. Thus, his fraud claims are now time barred.

"The savings statute applies when the original suit and the new action are substantially the same. The actions are not substantially the same, however, when the parties in the original action and those in the new action are different." Children's Hospital v. Ohio Department of Public Welfare, 69 Ohio St. 2d 523, 525, 433 N.E.2d 187, 189 (1982) (citations omitted). "R.C. 2305.19 does not apply when the parties in the new action are different from those in the original action." Lewis v. Lawyer Chiropractic Clinic, No. 98CA2590, 1999 WL 713605, at *5 (Scioto Cty. Aug. 26, 1999). See also Day v. NLO, Inc., 798 F. Supp. 1322 (S.D. Ohio 1992); Eiford v. McGinnis, No. CA86-06-013, 1987 WL 20158 (Preble Cty. Nov. 16, 1987) (affirming dismissal and holding that savings statute did not apply because a new plaintiff joined in the second action).[3]

The First Action had only one plaintiff – Battler. Perhaps in recognition of the arguments in the motion to dismiss that First Action, Battler not only added B & V Florida to the Second

---

[3] In the Opposition Brief, Battler argues, without citation, for application of the newer version of R.C. §2305.19, which was amended in 2004 by Am. Sub. HB 161. The amendment eliminated the requirement, highlighted in support of the Motion, that in order for the savings statute to apply, the statute of limitations must have run after the filing of the action but prior to the voluntary dismissal. The issue of applicability/retroactivity of the amended statute, however, need not subsume this briefing. Even if this prerequisite is not applied to Battler, the statute does not save Battler's claims. Therefore, Defendants hereby withdraw their argument at pages 13-14 of the Memorandum in Support of the Motion to Dismiss that the savings statute does not apply because the statute of limitations had not run at the time Battler dismissed the First Action.

Action, but even listed it first.  Battler's untimely change of heart to believe that B & V Florida should have been part of the First Action, however, deprives Battler of the extension afforded by the savings statute.  Battler also changed the factual allegations.  The First and Second Actions are not substantially the same, and the savings stature is inapplicable.  Without the savings statute, and even accepting as true Plaintiffs' incorrect application of the discovery rule, Battler's fraud claims had to be re-filed by "February or March" of 2005.  (See §I, supra.)  He did not file the Second Action until December 2005.  Therefore, Battler's fraud claims are time barred.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

/s/ James A. Hogan
Mary K. Whitmer (0018213)
KOHRMAN, JACKSON & KRANTZ PLL
One Cleveland Center, 20th Floor
1375 East 9th Street
Cleveland, Ohio 44114-1793
Telephone:  (216) 736-7255
Facsimile:  (216) 621-6536
E-mail:  mkw@kjk.com

Joseph D. Lonardo (0016135)
James A. Hogan (0071064)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  (216) 479-6100
Facsimile:  (216) 479-6060
Email:  jdlonardo@vssp.com
           jahogan@vssp.com

Attorneys for Defendants Dottore Companies, LLC, Mark Dottore and Thomas Dottore

**CERTIFICATE OF SERVICE**

On this 10th day of April, 2006, a copy of the foregoing *Reply Memorandum In Support Of Motion to Dismiss* was filed electronically.  Parties may access this filing through the Court's ECF system.  Notice of this filing will be sent by operation of the Court's ECF system to all parties indicated on the electronic filing receipt.

/s/ James A. Hogan
One of the Attorneys for Defendants Dottore
Companies, LLC, Mark Dottore and Thomas
Dottore