**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **B. & V. DISTRIBUTING CO., INC.** ) | **CASE NO. 1:05 CV 2900** |
| **and ALBERT BATTLER,** ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| Plaintiffs, ) | |
| ) | **MEMORANDUM OF OPINION** |
| vs. ) | **AND ORDER** |
| ) | |
| **DOTTORE COMPANIES, LLC,** ) | |
| **MARK DOTTORE and** ) | |
| **THOMAS DOTTORE,** ) | |
| ) | |
| Defendants. ) | |

Before the Court is the Motion to Dismiss ("Motion") filed by Defendants Dottore Companies, LLC, Mark Dottore, and Thomas Dottore (collectively, "Defendants") **(ECF No. 7)**. For the following reasons, the Motion is **GRANTED** and the case is dismissed with prejudice.

**I. BACKGROUND**.

This case involves two similarly-named corporations: B. & V. Distributing Co., Inc., a Florida corporation ("B. & V. Florida") and B. & V. Distributing Co., Inc., an Ohio

Corporation ("B. & V. Ohio"). Albert Battler was the President and sole shareholder of both B. & V. Florida and B. & V. Ohio. *ECF No. 1, Compl.* ¶¶ 4-5. In 1993, B. & V. Ohio and B. & V. Florida executed a merger agreement pursuant to which B. & V. Ohio merged into B. & V. Florida. *ECF No. 8, Pls.' Mem. Opp'n Defs.' Mot. Dismiss* (Pls.' Response), *Ex. B* at 5-6 (Merger Agreement at 1-2). As a result of the merger, B. & V. Ohio ceased to exist and B. & V. Florida survived and continued to operate as "B. & V. Distributing Co., Inc." *Merger Agreement* at 2-3.

On August 20, 2004, Albert Battler filed his first lawsuit against Defendants, alleging claims of breach of contract, fraudulent inducement and unjust enrichment. *See Case No. 1:04 CV 1688, ECF No. 1.* Jurisdiction was premised on diversity of citizenship. The complaint in the original lawsuit alleged the following facts: In 1999, Battler entered into negotiations with Dottore Companies, LLC ("Dottore Co.") for the sale of all the assets of B. & V. Ohio for a total purchase price of $306,000. Before the agreement was reduced to writing and signed, Battler transferred all the assets of the Ohio company to Dottore Co. When presented with the written agreement, Thomas Dottore refused to sign the contract. As a result, Plaintiff obtained the signature of another representative of Dottore Co., who signed the contract on March 1, 2000. However, Defendants failed to make any of the required payments towards the purchase price.

Defendants filed a motion to dismiss, alleging that Battler (who was not a party to the contract) lacked standing to bring an action on behalf of the Ohio corporation and that substitution of the proper plaintiff (the company itself) would destroy diversity jurisdiction. *Case No. 1:04 CV 1688, ECF No. 5.* On December 15, 2004, the Court held a telephone


conference with counsel for both parties at which time Plaintiff agreed to dismiss the case without prejudice. *Case No. 1:04 CV 1688, ECF No. 8.*

In December 2005, Albert Battler, now joined by B. & V. Florida (collectively, "Plaintiffs"), re-filed suit in this Court based on the breach of a purported contract executed by B. & V. Florida and Dottore Co. *Compl.* ¶ 16. Jurisdiction was again premised on diversity of citizenship. The following facts, which are substantially similar to the first complaint – with the significant exception that the name of the company that supposedly entered into the contract with Dottore Co. is conspicuously changed – were alleged in the second complaint: In 1999, Dottore Co. entered into negotiations with *B. & V. Florida* for the purchase of all the assets of the latter company. *Id*. ¶¶ 9, 11. Before the entire agreement was reduced to writing and signed, Plaintiffs proceeded to transfer all the assets of B. & V. Florida to Dottore Co. *Id*. ¶ 12. When presented with the written agreement, Thomas Dottore refused to sign the contract. *Id*. ¶ 14. As a result, Plaintiffs obtained the signature of another representative of Dottore Co. *Id*. ¶ 15. However, Defendants have failed to make any of the required payments towards the $306,000 purchase price. *Id*. ¶ 18.

In addition to raising a breach of contract claim (Count I), the complaint alleges that Mark Dottore fraudulently induced Plaintiffs to deliver the assets of B. & V. Florida to Dottore Co. before any formal agreement was completed and signed (Count II), and Defendants were unjustly enriched by using the assets without paying for them (Count IV).[1]  *Compl.* ¶¶ 22-24, 33. Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil

---

[1] Count III requests an award of punitive damages based on the conduct alleged in Count II of the Complaint. *See Compl.* ¶¶ 26-29.

Procedure 12(b)(1) and (b)(6) on the grounds that neither B. & V. Florida nor Battler has standing to bring the instant action and the fraud claim is time-barred by the applicable statute of limitations.[2]

## II. LAW

**A. Rule 12(b)(1) (Subject Matter Jurisdiction)**

Article III of the Constitution requires a litigant to have standing to invoke the jurisdiction of a federal court. *Nat'l Rifle Ass'n of America v. Magaw,* 132 F.3d 272, 279 (6th Cir. 1997). Where the Article III standing requirement is not satisfied, the Court lacks subject matter jurisdiction over the case. *TCG Detroit v. City of Dearborn,* 206 F.3d 618, 622 (6th Cir. 2000).

When a defendant moves to dismiss on the grounds that the court lacks subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction. *Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and

---

[2] Defendants also argue that Plaintiffs cannot state a claim against the individual Defendants and that Plaintiffs cannot convert a breach of contract claim into a tort claim. *Mem. Supp. Mot. Dismiss* at 14-15. Because this case is dismissed on jurisdictional and timeliness grounds, the Court need not reach these arguments.

Defendants also point out that the Ohio company that entered into the contract ("B. & V. Distributing, Inc.") is distinct from the Ohio company that merged into B. & V. Florida ("B. & V. Distributing, *Company,* Inc."). *Mem. Supp. Mot. Dismiss* at 3. It is unclear whether these are in fact two different companies or whether one of these titles is simply a misnomer. Similarly, the caption listed on the second complaint names the Florida corporation as "B. & V. Distributing *Company,* Inc." while the body of the complaint refers to the Florida company as "B. & V. Distributing, Inc." *See Compl.* at 1-2. As the resolution of this issue is not outcome-determinative, the Court assumes without finding that there are only two corporations implicated in this action – one incorporated in Florida and the other in Ohio – which will be referred to as "B. & V. Florida" and "B. & V. Ohio".

both parties are free to supplement the record by affidavits." *Id*. (quoting *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir.1986)).

**B.  Rule 12(b)(6) (Failure to State a Claim)**

In determining whether a complaint states a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint liberally in a light most favorable to the non-moving party, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true the factual allegations contained in the pleading. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  "While dismissal for failure to state a claim is disfavored, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the requirement that the court liberally construe a claim when considering a Rule 12(b)(6) dismissal 'does not relieve a plaintiff of his obligation to . . . allege more than bare assertions of legal conclusions.'"  *Harris v. American Postal Workers Union,* No. 98-1734, 1999 WL 993882, at *4 (6th Cir. Oct. 19, 1999) (quoting *Lewis v. ACB Bus. Serv. Inc.,* 135 F.3d 389, 406 (6th Cir. 1998)).  In considering a Rule 12(b)(6) motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action.  *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.  *Weiner,* 108 F.3d at 87-88 (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Bloch*, 156 F.3d at 677 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III.  ANALYSIS

**A.  Standing**

The corporate Plaintiff in this lawsuit is B. & V. Distributing Co., Inc., a Florida corporation.  The entity that entered into the purported contract with Dottore Co. is "B & V Distributing, Inc., an Ohio corporation".  *See Motion, Ex. A* at 1 (Asset Purchase Agreement).  Plaintiff claims he mistakenly believed that the Florida company had been merged into the Ohio company, and accordingly began negotiating an agreement to sell the assets of what he believed was the Ohio corporation.  *Pls.' Response* at 1-2.  This belief is insufficient to give Plaintiff B. & V. Florida standing to sue for breach of a contract entered into by B. & V. Ohio.  B. & V. Florida was not a signatory to the alleged contract nor is there any allegation that it was in privity of contract with Dottore Co.  Furthermore, B. & V. Ohio – the contracting party and thus the proper plaintiff in this case – did not even exist at the time the alleged contract was executed.  *Pls.' Response, Ex. A* at 1 (Battler Affidavit) (stating that B. & V. Ohio merged into B. & V. Florida in 1993 – almost seven years before the contract was allegedly executed); *Merger Agreement* at 2 (noting that as a result of the 1993 merger, B. & V. Ohio ceased to exist).  Even if B. & V. Ohio did still exist, its substitution into this case would destroy the Court's diversity jurisdiction.

Likewise, Albert Battler, as President and shareholder of B. & V. Florida, lacks standing to sue for the breach of a contract to which B. & V. Florida was never a party.  An individual's status as the president and sole shareholder of a corporation does not confer standing to maintain an action in his own name to redress injuries to the corporation.  *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 602-03 (6th Cir. 1988).  Battler does not dispute this well-established rule.  Rather, he claims he has standing to pursue the

instant action as a third party beneficiary of the contract. *Pls' Response* at 5. The only case relied on for this assertion is *Mark-It Place Foods, Inc. v. New Plan Excel Realty Trust, Inc.,* 804 N.E.2d 979 (Ohio Ct. App. Jan. 26, 2004). There, the Ohio Court of Appeals held as follows:

> As a general proposition, a third party for whose benefit a contract has been entered may bring an action for a breach of that contract. However, only an *intended* third-party beneficiary may exert rights to a contract to which it is not a party. There are three categories of intended third-party beneficiaries: (1) a creditor beneficiary; (2) a donee beneficiary; and (3) an incidental beneficiary. Only the first two categories, however, may bring an action as a third-party beneficiary.

*Id.* at 990 (citations omitted). Battler claims he was a creditor beneficiary to the contract at issue in this case. *Pls.' Response* at 5. "A party is a 'creditor beneficiary' if the performance of the promise satisfies a duty owed by the promisee to the beneficiary." *Mark-It Place Foods, Inc.,* 804 N.E.2d at 990-991. Battler states that all rights to the proceeds of the contract belong completely and exclusively to him as the sole stockholder of the company, and claims that Dottore Co. is indebted to pay him as the sole creditor beneficiary of the original contract. *Pls.' Response* at 6. This claim is without merit. Plaintiffs have not shown that Dottore Co. owed a debt or other "duty" to Battler when it entered into the contract. *Mark-It Place Foods, Inc.,* 804 N.E.2d at 991 (finding that the contract was intended purely as a business transaction and was not intended to discharge any obligation owed to the alleged beneficiary).

Battler also argues that he has standing to bring a cause of action belonging to the corporation because he is the successor-in-interest to B. & V. Florida. *Pls.' Response* at 6 (citing Fla. Stat. Ann. § 607.1405(1)(d)). Plaintiffs provide no authority for this statement, citing only a Florida statute that permits a dissolved corporation to distribute its remaining property among its

shareholders. Furthermore, and as previously stated in this Opinion, B. & V. Florida was not even a party to the contract in question. Where a non-contracting party lacks standing to bring suit for breach of contract, it defies logic to claim that a successor-in-interest to that non-contracting party can properly bring the action.

**B. Fraud Claim**

Under Ohio law, a cause of action for fraud must be brought within four years after the fraud was or should have been discovered. *Au Rustproofing Center, Inc. v. Gulf Oil Corp.,* 755 F.2d 1231, 1237 (6th Cir. 1985) (citing Ohio Revised Code § 2305.09).

> No more than a reasonable opportunity to discover the fraud is required to start the period of limitation. Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence. Once sufficient indicia of fraud are shown, a party cannot rely on its unawareness or the efforts of the opposition to lull it into a false sense of security to toll the statute.

*Id.* Under the terms of the contract, the first payment was due on March 1, 2000.[3] *Asset Purchase Agreement* at 2. Defendants' failure to make this payment should have alerted Plaintiffs to inquire into the matter. In fact, Plaintiffs allege that they attempted to negotiate with Defendants to obtain payment and "[i]n late 2000," it appeared Defendants would not adhere to the terms of the contract. *Pls.' Response* at 6. Even after giving the complaining party the

---

[3]The contract was attached to Defendants' motion to dismiss. The Court may consider the contract without converting Defendants' motion into a motion for summary judgment because the contract is referred to in the complaint and is central to Plaintiffs' claims. *See Weiner v. Klais and Co. Inc,* 108 F.3d 86, 89 (6th Cir. 1997). Plaintiffs do not argue that the contract attached to Defendants' motion is not the contract referred to in the complaint or is otherwise inaccurate.

benefit of the doubt, Plaintiffs had a reasonable opportunity to discover the facts underlying their fraud claim by mid-2000 (June) at the latest, after Defendants failed to make several payments towards the $306,000 purchase price. Defendants' failure to make these monthly payments was "sufficient to alert a reasonable person to the possibility of wrongdoing." This is especially true given that the first payment under the contract was due on the very day it was entered. In fact, Plaintiffs "inquire[d] into the matter" by commencing negotiations with Defendants to obtain payment. Plaintiffs cannot now claim they were unaware of the fraudulent conduct or relied on a so-called "reasonabl[e] assum[ption] that payment would be made," *see Pls.' Response* at *6*, in light of the "sufficient indicia of fraud" before them. Accordingly, the statute of limitations for filing the fraud claim expired no later than June 2004, more than one year before the filing of the instant action, and two months before Battler filed the original lawsuit.

Plaintiffs, however, allege they first became aware of Defendants' intent to defraud in February or March of 2001, after Plaintiffs attempted to retrieve the unpaid-for assets of B. & V. Florida and Defendants refused to return them. *Pls.' Response* at 6-7. Under this theory, Plaintiffs should have brought suit no later than March 2005. However, Plaintiffs also seek to invoke the terms of the Ohio Savings Statute which provides in pertinent part as follows:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code § 2305.19(A). Plaintiffs cannot take advantage of this statute. First, the Savings Statute applies to the plaintiff in the original action. *Bowshier v. Village of North Hampton,* No. 2001 CA 63, 2002 WL 940125, at *5 (Ohio Ct. App. May 10, 2002). B. & V. Florida was not a party to the original lawsuit.[4] The Florida company first filed its claim for fraudulent inducement in this Court in December 2005, which, under Plaintiffs' own theory, falls nine months outside the limitations period.

Second, Plaintiffs fail to recognize that this statute applies where the original suit and the new action are "substantially the same." The Supreme Court of Ohio has held that two actions are not substantially the same "when the parties in the original action and those in the new action are different." *Children's Hosp. v. Ohio Dep't of Pub. Welfare,* 433 N.E.2d 187, 189 (Ohio 1982). Because the 2004 action named Battler as the sole plaintiff and the instant lawsuit names both B. & V. Florida and Albert Battler as plaintiffs, Battler cannot take advantage of the savings statute to preserve his fraud claim. Without the benefit of the savings statute, Battler's fraud claim is also untimely.

## C. Unjust Enrichment

A claim of unjust enrichment is not applicable when the parties are bound by an express written agreement. *APJ Associates, Inc. v. North American Philips Corp.,* 317 F.3d 610, 617 (6th Cir. 2003). Plaintiffs' unjust enrichment claim contains an allegation that it entered into an express contract with Defendants. *See Compl.* ¶ 33. Thus, by its own pleadings, Plaintiffs have demonstrated that an unjust enrichment claim is inappropriate. *Cooper v.*

---

[4]The Court takes judicial notice of the first lawsuit, Case No. 1:04 CV 1688, in ruling on the motion to dismiss. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003).

*Durham School Services,* No. 03 C 2431, 2003 WL 22232833, at *7 (N.D. Ill. Sept. 22, 2003) (unreported) (holding that despite the relaxed standard of the Federal Rules of Civil Procedure which allow for alternative pleading, a party may not include specific references to a governing contract in a count for unjust enrichment).

For the foregoing reasons, Defendants' Motion **(ECF No. 7)** is **GRANTED** and the above-captioned case is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   4/26/2006*
**Dan Aaron Polster**
**United States District Judge**